IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

B.A. MCCLURE and
CHERYL MCCLURE,

               Plaintiffs,

v.                                CIVIL  ACTION  NO. 3:10-0701

CITY OF HURRICANE and
CITY OF HURRICANE SANITARY
STORMWATER BOARD, CITY COUNCIL OF
THE CITY OF HURRICANE, CITY OF HURRICANE
PLANNING COMMISSION, RONNIE WOODALL,
BEN NEWHOUSE, and JAY GIBSON,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants Ronnie Woodall, Ben Newhouse, and Jay Gibson's

Motion to Dismiss in Lieu of Answer (Doc. 5) and Supplemental Motion to Dismiss in Lieu of

Answer (Doc. 7).  For the following reasons, these motions are **GRANTED**.

**Background**

Plaintiffs B.A. McClure and Cheryl McClure originally filed this suit in the Circuit Court

of Putnam County, West Virginia, on January 13, 2006.  Ex. 1, Doc. 1-1.  At issue was the

application of a newly enacted provision of the City Code to the Plaintiffs' ongoing development

of a residential subdivision.  Plaintiffs commenced development of their eighty-one lot residential

subdivision in 2000. *Id.* ¶ 10; Ex. 5, Doc. 1-1 ¶ 7. On October 4, 2005, Plaintiffs were advised that

their development was not in compliance with Article 936 of the City Code, Ex. 5, Doc. 1-1 ¶ 13,

which requires stormwater retention (retention ponds) and other requirements for new developments and redevelopment projects. Ex. 1, Doc. 1-1 ¶¶ 28, 31. The City and its employees' application of this provision to Plaintiffs' construction led to delays and unexpected costs in the continued development of Plaintiffs' property. *See, e.g.*, Ex. 5, Doc. 1-1 ¶¶ 13, 14, 16, 22, 24. Plaintiffs sought declaratory and injunctive relief from the application of Article 936 of the City Code of the City of Hurricane to the ongoing construction of Plaintiffs' subdivision. Ex. 1, Doc. 1-1 at 3–4.

At issue in the original complaint was whether, as the McClure subdivision's development began in 2000, it was grandfathered in under § 936.20(a). *Id.* ¶ 31; Ex. 5, Doc. 1-1 ¶ 17. On July 30, 2009, the Circuit Court ruled that Article 936 did not apply to Plaintiffs' property; this ruling is now subject to an appeal. Ex. 5, Doc. 1-1 ¶ 37; Doc. 6 at 3. The Circuit Court allowed Plaintiffs to file an amended complaint regarding monetary damages, which Plaintiffs filed on July 17, 2009. Ex. 3, Doc. 1-1 ¶ 7. This was dismissed by the Circuit Court, finding that Defendants were immune under the Governmental Tort Claims and Insurance Reform Act; Plaintiffs were again given leave to file an amended complaint. Ex. 4, Doc. 1-1. Plaintiffs filed their Second Amended Complaint on January 4, 2010. Ex. 5, Doc. 1-1. For the first time, Plaintiffs filed claims against Defendants Woodall, Newhouse, and Gibson, and asserted claims under federal law. A Notice of Bona Fide Defense was entered in to the Civil Court action on April 26, 2010. Ex. 6, Doc. 1-1. Defendants moved to have this action removed to this Court on April 29, 2010 on the basis of these newly asserted federal claims. Doc. 1 ¶ 6.

The Second Amended Complaint was filed on January 4, 2010. Therefore, the 120-day time limit under West Virginia Rule of Civil Procedure 4(k) for service of process expired on approximately May 4, 2010. Defendants state that Plaintiffs attempted to serve all Defendants on

or about April 5, 2010, by leaving a copy of the Complaint with the receptionist at Hurricane's City Building, but this failed to comply with the requirements for proper service. Doc. 6 at 4. Defendants contend that Plaintiffs had sufficient notice of the improper service through Defendants' Notice of Removal on April 29, 2010 and the Answer filed on May 7, 2010. *Id.* The Notice of Removal included notification to the Court and Plaintiffs' counsel that the City of Hurricane was the only defendant to have been properly served pursuant to the *West Virginia Rules of Civil Procedure*. Doc. 1 at 3, n.1. A Notice of Filing Notice of Removal was delivered to Plaintiffs' counsel by mail on April 30, 2010. Ex. 7, Doc. 1-1. Further, in the Answer, Defendants declared: "An Answer will not be filed on behalf of Defendants Ronnie Woodall, Ben Newhouse, and Jay Gibson unless and until they are properly served with a copy of the Complaint." Doc. 3, Preliminary Statement. Because service of the individual Defendants was improper and Plaintiffs failed to perfect it within the 120-day limit, these Defendants are moving for dismissal under Federal Rule of Civil Procedure 12(b)(5). In response to Defendants' argument, Plaintiffs assert that service was attempted upon all defendants, including the individual Defendants who are now moving for dismissal, by payment of $140.00 to the Clerk of the Circuit Court of Putnam County on April 1, 2010, for service by Certified Mail pursuant to Rule 4(d)(1)(D). Doc. 16 at 1. Plaintiffs counter that the Clerk's failure to ensure that service was properly made was unforeseeable, and constitutes good cause to excuse the failure of service. *Id.* at 2.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper. *Wolfe v. Green*, 660

F. Supp. 2d 738, 745–46 (S.D. W. Va. 2009) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993)).  Under West Virginia Rule of Civil Procedure 4(d)(1), individuals may be served by, *inter alia*, having "[t]he clerk send[] a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee . . . ." W. Va. R. Civ. P. 4(d)(1)(D).  Pursuant to Rule 4(k), service must be effected within 120 days after the complaint is filed.  W. Va. R. Civ. P. 4(k).  If a plaintiff fails to do so, and shows good cause, a court "shall extend the time for service for an appropriate period." *Id.*  Therefore, the individual Defendants will be dismissed unless Plaintiffs can show good cause for their failure to achieve proper service within the 120-day requirement, or if the Court, in its own discretion, extends the time for service.  *Id.*; *Burkes v. Fas-Chek Food Mart Inc.*, 617 S.E.2d 838, syl. pt. 3; 844 (W. Va. 2005).  The West Virginia Supreme Court of Appeals has found that to establish good cause under Rule 4(k), a plaintiff must show more than "mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden."  *State ex rel. Charleston Area Medical Center v. Kaufman*, 475 S.E.2d 374, 381 (W. Va. 1996).  A court may consider the following to determine whether good cause has been satisfied and whether a plaintiff has exercised reasonable diligence:

> (1) length of time to obtain service; (2) activity of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the action; and (6) special circumstances.

*Id.* at 380 (citations omitted).  If good cause is not established, and a court seeks to exercise its discretion, among the factors it may consider are:  (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve.  *Burkes*, 617 S.E.2d at syl. pt. 4.

-4-

## Analysis

Plaintiffs attempted to serve Defendants through the Clerk under Rule 4(d)(1)(D).  However, delivery was made to the receptionist at the City Building, and not directly to the named addressees. Under West Virginia Rule of Civil Procedure 4(d)(1)(D), delivery of the summons and complaint must be restricted to the addressee in order for service to be effected.  *See State Ex Rel. Farber v. Mazzone*, 584 S.E.2d 517, 522 (W. Va. 2003).  Therefore, Plaintiffs' service of the individual Defendants was improper, and Plaintiffs made no attempt to perfect service.  As a result, Plaintiffs did not achieve service of process to the individual Defendants within the 120-day limit pursuant to Rule 4(k).  Accordingly, Plaintiffs' claims against these Defendants must be dismissed without prejudice unless Plaintiffs can establish good cause for their failure to properly serve or this Court elects to grant a discretionary extension of time to perfect service.  W. Va. R. Civ. P. 4(k).

In order to show good cause, Plaintiffs argue that there was no reason to believe that the Clerk did not properly serve all seven defendants by Certified Mail on or shortly after April 1, 2010, nor any reason to anticipate that the Clerk would not achieve proper service.  Defendants counter that Plaintiffs did, however, have knowledge of the improper service through Defendants' April 29, 2010 Notice to Remove and May 7, 2010 Answer.  The Court does not find Plaintiffs establish good cause.  Plaintiffs' failure to perfect service is more akin to an inadvertent oversight than the reasonable diligence necessary to establish good cause.  Defendants bring to the Court's attention *Leach v. BB & T Corp.*, 232 F.R.D. 545 (N.D. W. Va. 2005).  In that case, the court found the plaintiff failed to perfect service in spite of notice from the defendant that service was improper and having sufficient time to perfect service.  *Leach*, 232 F. R.D. at 550.  In contrast to this case, the plaintiff had more timely notice of improper service, defendant providing notification approximately

two months prior to the expiration of the 120-day time period. *Id.* at 549–50. While here Defendants provided notice a mere five days prior to the expiration of the time period, this is due, in part, to Plaintiffs' failure to effect service prior to April 1, 2010. Plaintiffs initially filed the Second Amended Complaint January 4, 2010, but failed to attempt service until almost three months later. Further, despite notification of improper service by Defendants on April 29, 2010 and May 7, 2010, Plaintiffs have made no effort to either attempt to perfect service or to obtain an extension of time from this Court. In the Court's opinion, Plaintiffs' efforts amount to inadvertence and neglect, and not good cause. *Kaufman*, 475 S.E.2d at 381.

As Plaintiffs have failed to establish good cause, the Court now turns to whether special circumstances warrant an exercise of its discretion to extend the time for service. *Burkes*, 617 S.E.2d at 845. Again, Defendants direct the Court's attention to *Leach*. There the court found no special circumstances that led to the plaintiff's failure to perfect service of process. In reaching this conclusion, the court cited that plaintiff had counsel, the defendant did not evade service or conceal the defect in service, plaintiff's failure to respond and perfect service, and plaintiff's inability to provide an adequate justification for an extension of time to serve process. *Leach*, 232 F.R.D. at 550. Similarly, Plaintiffs here are represented by counsel, who are required to comply with the 120-day requirement under Rule 4(k). Further, the individual Defendants did not evade service or conceal the defect in service; rather, they provided notice of the defect on two separate occasions. Most importantly, Plaintiffs did not respond to the notice of the failure to perfect service until these Defendants filed their Motion to Dismiss. Their sole reason given for their failure to serve process is, under *Kaufman*, "mere inadvertence [and] neglect." *Kaufman*, 475 S.E.2d at 381. Because the Plaintiffs have neither obtained service upon the Defendants Ronnie Woodall, Ben Newhouse, and

Jay Gibson within 120 days after filing of the complaint nor, after notice, demonstrated good cause why service of process has not been made as required by Rule 4(k) of the *West Virginia Rules of Civil Procedure*, the Court **DISMISSES** this action without prejudice as to Defendants Woodall, Newhouse, and Gibson.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        October 25, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE